IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **LIZBETH VIOLANTE CASTILLO DIAZ,** | § § § | |
| Petitioner, | § § | |
| v. | § § | **CAUSE NO. EP-26-CV-702-KC** |
| **WARDEN, ERO EL PASO CAMP EAST MONTANA et al.,** | § § § § | |
| Respondents. | § § | |

## SHOW CAUSE ORDER & PREVENTING PETITIONER'S REMOVAL FROM THE COUNTRY & DISTRICT

On this day, the Court considered Lizbeth Violante Castillo Diaz's Petition for a Writ of Habeas Corpus, ECF No. 1. Castillo Diaz is detained at ERO El Paso Camp East Montana in El Paso, Texas. *Id.* ¶ 5. She argues that her detention is unlawful and asks the Court to order her release or a bond hearing. *Id.* ¶¶ 48–59; *see id.* 9–10. She also asks that Respondents be prevented from moving her out of the District. *See id.* at 9.

Castillo Diaz is a citizen of Venezuela who entered the United States in 2022 on a B2 visa. *Id.* ¶¶ 24–25. Subsequently, Castillo Diaz applied for and was granted Temporary Protected Status. *Id.* ¶ 26. On February 15, 2026, immigration authorities arrested and re-detained Castillo Diaz during a traffic stop. *Id.* ¶ 27. As alleged, her case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g., Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 668–88 (W.D. Tex. 2025). Of course, Respondents are nevertheless permitted to state their position before a ruling. In doing so, Respondents are encouraged to avoid boilerplate arguments that this Court has already

rejected. Absent new authority, they may assume that the Court's position on the law has not changed and explain whether the facts of Castillo Diaz's case warrant a different outcome.

Accordingly, Respondents are **ORDERED** to **SHOW CAUSE** by <u>**no later than March 18, 2026**</u>, why the application for a writ of habeas corpus should not be granted. *See Lopez-Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 3254930, at *2 & n.1 (W.D. Tex. Aug. 26, 2025). The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**IT IS FURTHER ORDERED**, under the Court's inherent authority to preserve and assess its own jurisdiction, that Respondents **SHALL NOT** (1) remove or deport Castillo Diaz from the United States, or (2) transfer Castillo Diaz to any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed. *See Alves v. U.S. Dep't of Just.*, No. 3-25-cv-306-KC, 2025 WL 2629763, at *5 (W.D. Tex. Sept. 12, 2025).

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel. *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

**SO ORDERED**.

**SIGNED this 11th day of March, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE